IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHRISTOPHER FENELUS,
Inmate No. M20279,
      Plaintiff,

vs.                           Case No.: 3:17cv642/MCR/EMT

SERGEANT B. GENT, et al.,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff has paid the filing fee (ECF No. 4). Plaintiff is a prisoner of the Florida Department of Corrections currently incarcerated at Suwanee Correctional Institution.

Because Plaintiff is a prisoner seeking redress from a governmental entity or actor, the court must review the complaint and dismiss it if satisfied that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Having conducted a thorough review, the court is satisfied that this action is malicious and thus recommends dismissal under section 1915A(b).

Section IV of the complaint form requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court (ECF No. 1 at 4–6).  In response to Question A of Section IV, which requests information regarding previous cases Plaintiff has filed in state court that deal with the same or similar facts as those in the instant action, Plaintiff identified one (federal) case, Case No. 3:2014-cv-00063, which was filed in the Middle District of Florida (*id*. at 4).  Likewise, Question B of Section IV asks the following question: "Have you initiated other actions in **federal** court dealing with the same or similar facts/issues involved in this action?"  In response, Plaintiff identified another federal case, Case No. 3:2013-cv-01155, also filed in the Middle District of Florida (*id*.).

Question C of Section IV asks, "Have you initiated other actions (besides those listed above in Questions (A) and (B)) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (*id*. at 5).  Plaintiff responded by identifying Case No. 3:2010-cv-00245, another case filed in the Middle District of Florida (*id*.).  Finally, Question D of Section IV asks, "Have you ever had any actions

in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service?" (*id*.).  Plaintiff responded by identifying Case No. 1:2016-cv-21103, which was filed in the Southern District of Florida (*id*.).

In his response to the above-noted questions, Plaintiff has in effect stated that, other than the four cases identified above, he has filed no other previous federal cases that dealt with the same or similar facts or issues as those that are involved in the instant action or that generally dealt with the fact or manner of his imprisonment.

At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT**" (ECF No. 1 at 9).

As routinely recognized by this court, the information from Section IV of the form is useful to the court in many ways:

> . . . it allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case.  All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

Spires v. Taylor, Order of Dismissal, Case No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000).  Further, because prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action.  The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the dispositions of those cases, can be considerable.

This court takes judicial notice, that as of the date Plaintiff filed his complaint in the instant case, he had previously filed Case No 3:2012-cv-00908, a civil rights action under section 1983 that was filed in the Middle District of Florida on August 10, 2012.  This case concerned allegations of abusive prison conditions and excessive force from corrections officers.  Plaintiff also filed Case No. 3:2012-cv-00909 in the Middle District on August 10, 2012, which also concerned abusive conditions and excessive force in the prison where he was housed.  Both of these cases were dismissed by the court for Plaintiff's failure to prosecute the case.  Third, on June 29, 2012, Plaintiff filed Case No. 3:2012-cv-00744 in the Middle District, a civil action claiming that false disciplinary reports and other retaliatory measures were taken against him for filing grievances within the prison grievance system.  In dismissing the case without prejudice, the court noted that Plaintiff had filed an earlier case with similar facts, Case No. 3:2010-cv-00245 (which is one of the cases that Plaintiff did identify in Section IV of the complaint).  The court also notes that Plaintiff appealed the judgment in that case, and the appeal was later dismissed for Plaintiff's failure to

prosecute.  Finally, Plaintiff filed Case No. 1:2006-cv-22356 in the Southern District of Florida on September 19, 2006, a habeas corpus action which was later dismissed by the court.[1]

The instant case involves allegations that Plaintiff was subjected to excessive force by corrections officers and that he received inadequate medical treatment for the injuries he incurred, in violation of the Eighth Amendment.  Thus, Case No 3:2012-cv-00908 and Case No 3:2012-cv-00909, both of which involved allegations of excessive force as well, would have been responsive to Question B of Section IV because they involve similar facts or issues; alternatively, these previous cases would have been appropriate responses to Question D since they involved the conditions of Plaintiff's confinement at the time.  Likewise, Case No. 3:2012-cv-00744 also involved conditions of his confinement and therefore should have been identified in response to Question D.  Last, Case No. 1:2006-cv-22356, since it was a habeas corpus action, should have been identified in response to Question D as well, since that question directly mentions habeas corpus actions among the types of cases that should be reported.

---

[1]  The inmate numbers (#M20279) of the plaintiffs and petitioner in all these identified cases are the same, and they match Plaintiff's.

The court has authority to control and manage matters such as this pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, Plaintiff falsely responded to questions on the complaint form, as detailed above. Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior actions was required and that dismissal of the action may result from his untruthful answers.[2] If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses

---

[2] Indeed, section IV of the complaint form includes the following notice: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*see* ECF No. 1 at 4).

is to dismiss this cause <u>without</u> <u>prejudice</u>.[3]  *See*, *e.g.*, <u>Hanson v. McCaul</u>, No. 4:09cv126-SPM/WCS, 2009 WL 3010481, at \*\*1–2 (N.D. Fla. Sept. 16, 2009) (dismissing case without prejudice for prisoner plaintiff's failure to disclose two federal cases (both of which were previously dismissed for failure to comply with court orders) on complaint form which required prisoner litigants to list all other cases that plaintiff had previously initiated in state and federal court); <u>Thomas v. Ammons</u>, No. CV409-139, 2009 WL 5174109, at \*\*1–3 (S.D. Ga. Dec. 23, 2009) (dismissing case without prejudice for prisoner plaintiff's failure to disclose four federal cases (two of which were previously dismissed for failure to comply with court orders and the other two of which were previously voluntarily dismissed by plaintiff) on complaint form which demanded litigation information regarding "any lawsuits brought in federal court . . .").  Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions.  *See* <u>Warren v. Guelker</u>, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it respectfully **RECOMMENDED**:

---

[3] Dismissal without prejudice is not too severe a sanction under these circumstances. Plaintiff is free to re-file if he so chooses. *See* Order of Dismissal, <u>Spires</u>, No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000).

That this cause be **DISMISSED WITHOUT PREJUDICE** pursuant to 28

U.S.C. §  1915A(b)(1) as malicious and that Plaintiff be assessed a "strike" under 28

U.S.C. § 1915(g).

At Pensacola, Florida, this 19<u>th</u> day of October 2017.


<u>/s/ Elizabeth M. Timothy</u>
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**</u>  A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.